**Enma Sudemi UMUL VICENTE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70610.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Enma Sudemi Umul Vicente, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., Sada Manickam, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Enma Sudemi Umul Vicente, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal.

We cannot address Umul Vicente's claim under the Nicaraguan Adjustment and Central American Relief Act and her claim for humanitarian asylum relief because they were not exhausted below. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

We have jurisdiction to review Umul Vicente's remaining claims under 8 U.S.C. § 1252. We deny the petition for review.

Even assuming that Umul Vicente is credible, substantial evidence supports the IJ's determination that she did not demonstrate past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Sangha v. INS,* 103 F.3d 1482, 1486–87 (9th Cir.1997). Substantial evidence also supports the IJ's determination that Umul Vicente's claim of well-founded fear was further undermined by the unharmed presence of her similarly situated family members in Guatemala. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001). Accordingly, Umul Vicente is not eligible for asylum.

Because Umul Vicente failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Cruz–Navarro v. INS,* 232 F.3d 1024, 1031 (9th Cir.2000).

The Clerk shall file the Reply Brief received on January 8, 2007.

**PETITION FOR REVIEW DENIED.**